Thank you May it please the court, my name is Abe George and I represent the defendant appellant Dimitri Nezhinskiy. The district court erred and committed clear error in remanding the defendant in this case. As the court is aware the standard for remand is if there are no reasonable conditions that can ensure the defendant's return to court or the safety to the community. The government's burden approved both of those points and there's a higher standard with respect to the safety aspect of those prongs. And how do we know that the district court got this wrong in this case? The magistrate judged two days before the district courts remanded the defendant proposed bail conditions that it felt was suitable to ensure the defendant's return to court and safety to the community. And not only the magistrate agreed, pretrial services agreed to the following parameters. Million dollar bond, two properties secured by his father, and home detention. It was only two days later when sua sponte, the court raised to the prosecution, hey what about bail? Did this argument come up? And there was already a pre-printed decision at that point, two days later, where the court cited the procedural history and went into the aspects that it believed were warranted the defendant's remand. Remind me of what position the government took on bail before they got to Judge King's? There was some discussions beforehand of a bail package, but then the government asked for remand based upon the letter that they filed. And just going back to, and I think one of the reasons that, and the court can look at the decision of the district judge, one of the factors that shouldn't come into play is the notoriety of the case. And there were allegations in this case that there was some robberies of NFL players that were playing away on away games. And one of the statements made in the district court's decision was how ironic it would be for this court to release these defendants two days ahead of the real Super Bowl. No thank you. This is one Super Bowl defendants will have to watch from the sidelines. They will not be players this weekend. There's clearly no reason. Correct. And there's clearly no reason for that statement. Obviously the allegations are very high profile, but this is not part of the prong that the court needs to consider. There are very few circumstances that the defendant being out on bail should be remanded. And the weight that the court played to certain aspects that the court can consider, we submit were skewed. There was a big stretch to prove the safety aspect of why the defendant should be remanded. And that stretch being that, first of all, the allegations arrived that my client was accused of being a fence, that he was buying stolen properties, which fueled these burglary organizations to steal product. But if the defendant is in home, home confinement, there really is no justification for why this conspiracy would continue on. I want to make sure that I have the right framework. There are two separate questions. The first is we have to figure out whether the government met its burden about the flight risk or a danger. And the second is whether or not there were an alternative that was less burdensome, or reasonably, I'm sorry, reasonably assure his appearance. Are you saying that the district court erred at step one, like clear error, as opposed to the safety and flight risk? I think there was clear error with respect to the safety aspect, because the safety aspect that the court articulated was a stretch. It's not clear and convincing that the defendant in home that would continue to be a safety risk to the community. There was, if you, the decision below seems to articulate that through what the government was arguing, because he has access to a cell phone, that this conspiracy can continue, more people would be burglarized, and that itself was a safety risk. But the underlying allegations of the burglaries themselves were they were waiting for people to leave their homes, and the violence aspect was not there. That was a stretch. So I do say that was a mistake. But the second part of it, if you want to concede that point, the second part to clear error is there is a reasonable set of conditions that were found by two other people, the magistrate judge and pretrial services. And your client doesn't have a passport, is that right? He does not have his passport. That's correct. And he can't return to his country of origin as well. And I have nothing further. I could reserve the time to address any issues the government raised. Thank you. Thank you. May it please the court. Good afternoon, Catherine Onishko for the United States. And I was one of the attorneys representing the government in the proceedings at the district court. This court should affirm the district court's order of detention pending trial, which is scheduled to begin on August 4th of this year. The district court did not commit clear error when it denied the defendant bail. The court engaged in a careful weighing of the relevant factors. To answer your honor's question regarding the government's position of bail, prior to the initial arraignment, the government filed a detention letter with the court, which was provided with the defendant's briefs, seeking detention of the defendant. At arraignment, the government maintained that the defendant presented a... Just help me understand this. I've looked at this record. I don't understand why there are no conditions that might secure his appearance in August of trial. The government believes that the defendant poses a serious risk of danger due to the flexible nature of his fencing operation. The defendant was the payday... I'm sorry, you say due to the flex... Say that again. You lost. Due to the flexible nature of the way the defendant was alleged to have committed these crimes. All the defendant needs is a cell phone to be able to coordinate, and the evidence shows that he used his cell phone, and this is in the record. The evidence shows that he used a cell phone to communicate with these theft groups to then meet up and facilitate these burglaries and invasions of individuals' homes. All these generalizations you've made apply, I would say, to a substantial proportion of people that you prosecuted out of the country. You prosecute serious crimes every day, talented people in the office. Those generalizations apply to hundreds of people out in the Eastern District. Why is he different? The evidence shows... Half the people you prosecute have cell phones. Half of them are... You don't... The Eastern District targets serious criminal activity, right? Complicated frauds, gang operations, etc., etc. So I don't see why this is different. The phone is how the defendant is alleged to have committed part of these crimes. He used his phone to communicate with these theft groups to arrange meetings, buys, and sales. So does every drug dealing prosecutor. That's how they operate. And it's a relevant factor for Judge Koons to have considered in evaluating both the nature and circumstances and the dangerousness of this defendant in determining whether there are or are conditions of release that could assure safety. And here the district court did not commit clear error, which is the standard in reaching that decision. And further, there's evidence in the record, it's referenced in the government's detention memo, that the defendant directed members of these thief groups to target homes outside of New York State. It wasn't just that he was a passive recipient, but he's going out and giving instructions on who should be targeted because, it's alleged, he determined it was harder to sell in New York State items that have been stolen from New York State. And I'd like to address... No doubt he committed serious crimes, and starting in August, you and your very aided colleagues are going to undertake to prove those. But the issue is, are there no conditions? That's what I, that's where you'd be lost. I understand it's a serious crime. I understand you and your colleagues are going to put your very best foot forward in August, but why are there no conditions? Your Honor, and this is from my experience, not in the record, but pretrial services does not have the ability to real-time monitor a defendant's phone and electronic communications. Did you ask for that? I... Why didn't you ask for that? If that was a concern, you simply had to tell him you wanted it. This would require 24-7 supervision and monitoring, which is impossible for pretrial services. For example, with monitoring devices like a cell phone, they can, one, only monitor a device about which they know. And so if anyone were to bring the defendant a device, or he were given access to another device that they were not aware of, that he had not affirmatively disclosed, they would not be able to monitor that. And two, pretrial services does not have the ability to real-time monitor communications. They can only go and retroactively look after the fact. So the condition does not exist. Those are generic excuses. They apply to so many of the very serious criminals that you and your able colleagues pursue out in the Eastern District and who are admitted to bail every day. And here, when weighing the totality of the factors, which the district court thoroughly did on the record, the flexible nature of the allegations is one aspect, as is the weight of the evidence, which the district court cautioned it was weighing. It was weighing cautiously. However, the district court described it as overwhelming. The history and characteristics of the defendant, including the final order of removal and his criminal history, I'll note, which makes him a felon. And as referenced in the government's detention memo, a gun was found in a storage unit registered in his name. And then finally, where the district court spent much of its time focusing on the dangerousness of the defendant's conduct in promoting residential burglary nationwide over the span of many years. And burglary certainly is a crime that endangers members of the community. Yes, but like, isn't the question that there was no condition that could prevent that? That, I mean, to me, like whether or not, if with no conditions, would he, would we be in trouble is not the inquiry. It's was there nothing that could be done other than keeping him confined that could protect the public and make sure that he appears? It is the government's belief that there is nothing that could have been done given the possibility of monitoring a defendant 24-7 who is not in custody. Thank you. Unless there are no further questions, we'll rely on our brief for the remainder of the argument. Thank you very much. You've been very helpful. Thank you. The only thing that changed two days after the magistrate ruled that bail was, bail was okay to ensure the defendant's appearance to court and to ensure that it wasn't a safety, was the fact that the district judge seemed to focus on an impermissible aspect of the notoriety of the case. As the court, we could even concede the aspect that the government proved that there was a safety issue and that there was an ability to believe he's a flight risk. But as the court aptly pointed out, there are conditions that the government and the defendant could put in place to ensure the safety to the community and to ensure the defendant returns to court. There are no other questions. I'll rest on the briefs. Thank you very much. Appreciate your arguments. We'll take it under advisement.